# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.    NORTH STAR MUTUAL<br>      INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>1.    ENGINUITY L.L.C.,<br>2.    JAY HAWPE, an individual, and<br>3.    HIGHPOINTE CHURCH, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. CIV-18-1162-HE<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff North Star Mutual Insurance Company ("North Star") and requests Declaratory Judgment, pursuant to 28 U.S.C. §2201, regarding coverage and its duty to indemnify and defend Jay Hawpe ("Hawpe") and HighPointe Church, Inc. ("HighPointe"), under a Church Protector Policy, CM 49754, and related endorsements, in Case No. CJ-2018-4208 filed by Enginuity L.L.C. ("Enginuity") in the District Court of Oklahoma County ("Underlying Action"), as a result of allegations of foreclosure and alleged civil wrongs, all as set forth in the Petition filed in the Underlying Action.

1. Plaintiff North Star is a foreign insurance company with its principal place of business in the state of Minnesota.

2. Defendant Enginuity is a Nevada limited liability company.

3. Defendant Hawpe is a citizen of the state of Oklahoma.

1

4. Defendant HighPointe is an Oklahoma corporation with its principal place of business in the state of Oklahoma.

5. The matter in controversy exceeds, exclusive of interest, the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00). See ¶¶6 and 7, below. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §1332. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

6. In the Underlying Action, Enginuity alleges that it performed sound, audio, video, lighting and related equipment work for HighPointe at HighPointe's premises, and an outstanding balance exists for such work. Enginuity asserts that it recorded a mechanic's and materialman's lien in the amount of $345,354.56 against said church. Enginuity seeks, among other things, a foreclose lien and judgment in excess of the $431,693.20 bond posted by the church. See Exhibit 1, State Court Petition.

7. Additionally, Enginuity asserts one or more causes of action against Hawpe and HighPointe for tortious interference with business relations between Enginuity and other clients. Enginuity asserts that the state court defendants caused it to lose profits, lost other projects upon which it had placed bids, and lost contracts with other parties. Enginuity asserts one or more causes of action for breach of contract between it and HighPointe. Enginuity asserts one or more causes of action based on "false comments" made by HighPointe's staff and/or Hawpe. Enginuity asserts that Hawpe wrongfully accused Engunity of embezzlement and other "false allegations." Engenuity asserts that the actions of HighPointe and Hawpe

were "intentional, wanton, reckless, and malicious." Engenuity asserts actual damages in excess of $6,000,000.00, as well as punitive damages.

8. North Star issued the Church Protector Policy to HighPointe effective February 15, 2018. Said policy provides liability coverage in the amount of $1,000,000.00 per occurrence. See Exhibit 2, Declarations. In addition, Cyber Liability Coverage, with an Effective Date of February 15, 2018, is also provided in the amount of $50,000.00 for each claim.

7. North Star has elected to defend Hawpe and HighPointe under reservation of rights pending a determination of coverage.

8. The Church Protector Policy at issue provides liability protection to the church, its executive officers and directors with respect to their duties for the church, and its volunteer workers and employees while performing duties for the church. However, such liability coverage is not without limitation. The policy contains the following provisions, among others[1]:

**SECTION V – DEFINITIONS**

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"Personal and advertising injury" means an injury, including consequential "bodily injury", arising out of one or more of the following offenses:

d. Oral or written publication, in any manner, of material that slanders or libels

---

[1] North Star reserves the right to assert additional coverage defenses and rely upon policy language not contained in this initial pleading.

a person or organization or disparages a person's or organization's goods, products or services.

"Property damage" means:
a. Physical injury to tangible property, including resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

\* \* \*

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]
(2) The "bodily injury" or "property damage" occurs during the policy period; and
(3) Prior to the policy period, no insured…knew that the "bodily injury" or "property damage" had occurred.

\* \* \*

**2. Exclusions**

This insurance does not apply to:

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

**b. Contractual Liability**
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

**o. Personal and Advertising Injury**
"Bodily injury" or "property damage" arising out of "personal and advertising injury."

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**
**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

* * *

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

* * *

**2. Exclusions**

**a. Knowing Violation of Rights of Another**
"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b. Material Published With Knowledge of Falsity**
"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

### c. Material Published Prior to Policy Period
"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

### e. Contractual Liability
"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement.

### f. Breach of Contract
"Personal and advertising injury" arising out of a breach of contract….

\* \* \*

### CYBER LIABILITY INSURANCE COVERAGE PART ENDORSEMENT
### SECTION I – CYBER LIABILITY COVERAGE AGREEMENTS

In consideration of the premium paid and subject to all terms, conditions, definitions, exclusions and other terms of this Endorsement, we agree as follows:

A. Mutimedia Liability Coverage

Subject to the limit of insurance shown in the Schedule, we will pay:
1. Damages" which an "insured" becomes legally obligated to pay;
2. "Defense costs";
Resulting from a "claim" for an actual or alleged "multimedia peril", provided that:
1. Such "claim" is first made against the insured during the "endorsement period";
2. The "insured" report such "claim" in writing to us or our agent no later than sixty (60) days after the "claim" is first made against the "insured"; and
3. The "multimedia peril takes place or first commences after on or after the "retroactive date".

### SECTION II – DEFENSE, INVESTIGATION, AND SETTLEMENT
We will have the right and duty to defend…Any "claim" for "damages" covered under Coverage Agreement A….

### SECTION III – EXCLUSIONS

The insurance provided under this Endorsement does not apply to:

A. Any "claim"…
3. Which an "insured" had knowledge of prior to your initial effective date of Cyber Liability Coverage.

O. Any "claim" based upon, arising out of, resulting from, in consequence of, or in any way involving:
1. Any willful, deliberately dishonest, malicious, or fraudulent act or omission….

P. Any "claim" based upon, arising out of, resulting from, in consequence of, or in any way involving:
1. Any actual or alleged "multimedia peril"…that took place or first commenced prior to the "retroactive date"….

8. There is an actual, real and substantial controversy now existing between the parties in respect to the Policy, and by Order and Decree herein, all rights, duties and legal relations of the parties hereto should be immediately, definitely and judicially determined, adjudicated and declared.

9. Based on the above facts, North Star believes that it is entitled to a judgment declaring that it has no duty to defend or indemnify Hawpe and HighPointe in the Underlying Action; that the allegations giving rise to the Underlying Action occurred prior to the effective date of the North Star policy; that North Star has no obligation under the Policy for the injuries and damages alleged by Enginuity; that North Star has no obligation with regard to punitive damages; and that North Star shall have no further duties or obligations under the Policy related to the matters described in or related to those described in the Underlying Action.

WHEREFORE, Plaintiff North Star Mutual Insurance Company, prays for a judgment from this Court declaring the rights, duties and obligations between it and the Defendants herein, and that based on the above facts, such judgment should be that North Star has no obligations under the Policy for the causes of action, injuries and damages asserted in the Underlying Action or that could have been asserted therein.

*/s/ Rodney D. Stewart*
Rodney D. Stewart
Bar Number: 15105
Attorney for Plaintiff
Stewart Law Firm
6915 N. Classen Blvd., Suite A
Oklahoma City, OK 73116
Telephone:  (405) 601-6060
Facsimile:  (405) 254-5118
E-Mail: rds@rstewartlaw.com